IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | 3:12-CR-00107-BR |
| | (3:16-CV-00452-BR) |
| Plaintiff, | |
| | OPINION AND ORDER |
| v. | |
| CHRISTOPHER COOL WILMER, | |
| Defendant. | |

**BILLY J. WILLIAMS**
United States Attorney
**LEAH K. BOLSTAD**
Assistant United States Attorney
1000 S.W. Third Avenue
Suite 600
Portland, OR  97204
(503) 727-1000

    Attorneys for Plaintiff

**ERICK W. WARD**
Ward Grover, LLP
516 S.W. Thirteenth Street
Suite 201
Bend, OR 97702
(541) 312-5150

    Attorneys for Defendant

1 - OPINION AND ORDER

**HERNANDEZ, Judge.**

This matter comes before the Court on Defendant Christopher Cool Wilmer's amended Motion (#228) to Set Aside Sentence 28 U.S.C. § 2255.

For the reasons that follow, the Court concludes that the Defendant has failed to establish his claim of ineffective assistance of counsel as to the sole remaining issue of what attorney Kenneth Perry advised Defendant regarding the effect of the career-offender designation in the government's initial plea offer. Accordingly, the Court **DENIES** Defendant's amended Motion.

## FACTUAL FINDINGS

Based on the evidence received at the evidentiary hearing held on September 19, 2016, and the record as a whole, the Court finds the following facts:

On March 7, 2012, Defendant Christopher Wilmer was charged in an Indictment with Sex Trafficking of a Child in violation of 18 U.S.C. § 1591; Coercion and Enticement of a Minor in violation of 18 U.S.C. § 2422(b); Transportation of a Minor in violation of 18 U.S.C. § 2423(a); Witness Tampering in violation of 18 U.S.C. § 1512(a); Retaliating Against A Witness in violation of 18 U.S.C. § 1513(b); and violation of the Mann Act, 18 U.S.C. § 2421.

On March 21, 2012, attorney Kenneth Perry was appointed to

2 - OPINION AND ORDER

represent Defendant.

In April 2012 Assistant United States Attorney Leah Bolstad sent Perry a plea offer for Defendant.  AUSA Bolstad advised Perry that she believed under the terms of the plea offer the Sentencing Guidelines would include a Base Offense Level of 28, a two-level enhancement for Undue Influence, a two-level enhancement for Commission of a Sex Act, a five-level enhancement for Career Offender, and a two- or three-level decrease for Acceptance resulting in a Total Offense Level of 32 and criminal history category VI.  AUSA Bolstad stated she would "recommend the low end of the applicable guideline range," which she anticipated would be 210 months.  AUSA Bolstad also noted "Mr. Wilmer, as a career offender, is facing significant sentencing exposure if convicted:  a range of 30 years-life imprisonment."  Def.'s Mot. to Set Aside, Ex. A at 1.

On June 29, 2012, the Court held a conference to discuss, among other things, an extension of the deadline for Defendant to respond to the April 2012 plea offer.  At the conference the Court extended the date for Defendant to respond to the government's plea offer to July 31, 2012.

Defendant met with Perry several times between June 29, 2012, and July 31, 2012, to discuss the plea offer and the government's case.  During those meetings, Defendant objected to his designation in the plea offer as a career offender.

3 - OPINION AND ORDER

Defendant believed he was not a career offender. Defendant also believed if he was able to establish that he was not a career offender, his total offense level would be reduced by five points and he could receive the ten-year mandatory minimum sentence rather than the 210 months the government was prepared to recommend.

Perry explained to Defendant that the plea offer, even with the career-offender designation, was quite favorable because it did not include a number of aggravating factors related to Defendant's case that could dramatically increase his sentence. Perry explained to Defendant that the factors that could affect his sentence and that were not included in the plea offer included multiple victims, that two of the victims were minors, a leadership role, being an organizer, and employing violence. Perry advised Defendant that the career-offender designation had little or no bearing on his sentence due to Defendant' criminal history and the possible aggravating factors set out by Perry. Perry also specifically advised Defendant that he could face significantly higher penalties if he rejected the plea offer. Nevertheless, Defendant asked Perry to investigate the career-offender issue and Perry agreed.

After Perry's meeting with Defendant on July 1, 2012, Perry discussed Defendant's concerns regarding the career-offender designation with AUSA Bolstad. Perry agreed to have the United

4 - OPINION AND ORDER

States Probation Office (USPO) review the issue and provide an opinion for the benefit of the parties. On July 23, 2012, Probation Officer Tammy Parashos emailed counsel with a brief evaluation of the career-offender issue and advised counsel that she believed Defendant was a career offender. Parashos also specifically warned:

> NOTE - the Career Offender table prescribes an adjusted offense level of 37 for crimes of conviction with a statutory maximum sentence of life; in addition, should the Chapters 2 and 3 calculations exceed 37, those calculations would "trump" the Career Offender adjustment.

Gov't Resp., Ex. 2 at 7.

Perry met with Defendant on July 27, 2012, at which point he shared with Defendant Parashos' evaluation and conclusion as well as all of the email correspondence between Perry, AUSA Bolstad, and Parashos. Perry explained to Defendant that Parashos' warning meant if Defendant did not accept the plea offer, Defendant's criminal history alone would trump a career-offender designation. Perry reiterated to Defendant that there were a number of possible aggravating factors in his case "that would readily propel . . . his advisory sentencing guideline range well beyond that of the plea offer" and that Defendant could be facing a life sentence. Perry again explained that the career-offender designation had little bearing on Defendant's possible sentence due to his criminal history and the aggravating factors in the case that had not been factored into the plea offer, but that

5 - OPINION AND ORDER

would likely be considered if Defendant rejected the plea.

## CONCLUSIONS OF LAW

The Supreme Court has established a two-part test to determine whether a defendant has received constitutionally deficient assistance of counsel. *Premo v. Moore*, 131 S. Ct. 733, 739 (2011). *See also Strickland v. Washington*, 466 U.S. 668, 678, 687 (1984). Under this test a defendant must not only prove counsel's assistance was deficient, but also that the deficient performance prejudiced the defense. *Premo*, 131 S. Ct. at 739. *See also Sexton v. Cozner,* 679 F.3d 1150, 1159 (9th Cir. 2012); *Ben-Sholom v. Ayers*, 674 F.3d 1095, 1100 (9th Cir. 2012).

"To prove deficiency of performance, the defendant must show counsel made errors so serious that performance fell below an objective standard of reasonableness under prevailing professional norms." *Mak v. Blodgett*, 970 F.2d 614, 618 (9th Cir. 1992)(citing *Strickland*, 466 U.S. at 687-88)). *See also Sexton*, 679 F.3d at 1159 (citing *Premo*, 131 S. Ct. at 739). The court must inquire "whether counsel's assistance was reasonable considering all the circumstances" at the time of the assistance. *Strickland*, 466 U.S. at 688. *See also Detrich v. Ryan*, 677 F.3d 958, 973 (9th Cir. 2012). There is a strong presumption that counsel's assistance was adequate. *Strickland,* 466 U.S. at 689. *See also Sexton*, 679 F.3d at 1159.

6 - OPINION AND ORDER

To overturn a guilty plea, the defendant must show a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). *See also Smith v. Mahoney*, 611 F.3d 978, 988 (9th Cir. 2010). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 695. In addition, to establish a claim of ineffective assistance of counsel based on erroneous advice regarding a guilty plea, a defendant "must demonstrate more than mere inaccurate prediction." *Sophanthavong v. Palmeteer*, 378 F.3d 859, 868 (9th Cir. 2004). Erroneous predictions regarding a sentence are deficient "only if they constitute gross mischaracterization of the likely outcome of a plea bargain combined with erroneous advice on the probable effects of going to trial." *Id.*

To prove prejudice "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694. *See also Sexton*, 679 F.3d at 1159-60. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 695. *See also Sexton*, 679 F.3d at 1160.

The court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the

7 - OPINION AND ORDER

defendant." *Strickland,* 466 U.S. at 697. *See also Heishman v. Ayers*, 621 F.3d 1030, 1036 (9th Cir. 2010). "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Strickland,* 466 U.S. at 697. *See also Heishman*, 621 F.3d at 1036.

Based on the evidence adduced at the evidentiary hearing and in the record, the Court finds both Perry and Defendant to be credible. The Court, however, concludes Perry's performance did not fall below an objective standard of reasonableness under prevailing professional norms when he advised Defendant about the government's initial plea offer. Defendant has not established with reasonable probability that but for Perry's alleged errors he would have accepted the government's initial plea offer. Perry repeatedly and thoroughly explained to Defendant that the career-offender designation was not relevant because even without such a designation, Defendant's criminal history and the aggravating factors would cause Defendant's sentence to be much higher than that offered in the government's initial plea offer. Perry explained repeatedly that Defendant faced a possible life sentence if he did not take the government's initial plea offer whether or not he was designated as a career-offender. Perry also took the rather extraordinary step of obtaining an advisory presentence report from Parashos as to the career-offender and

8 - OPINION AND ORDER

possible life-sentence issues.  Perry explained Parashos' report and her warning that Defendant faced a possible life sentence even if he was not designated as a career offender.  Defendant's persistent refusal to listen to and to absorb Perry's advice does not establish Perry's performance fell below an objective standard of reasonableness.  The Court, therefore, concludes Defendant has not established he received ineffective assistance of counsel from Perry.

Accordingly, the Court **DENIES** Defendant's Motion (#228) to Set Aside Sentence 28 U.S.C. § 2255 and **DENIES** Defendant a certificate of appealability.

IT IS SO ORDERED.

DATED this 7th day of October, 2016.

*[signature: Marco Hernandez]*

MARCO A. HERNANDEZ
United States District Judge

9 - OPINION AND ORDER